**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| LYLE HERRINGTON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 4:21-cv-761 |
| v. ) | |
| ) | |
| LOUIS DeJOY, POSTMASTER GENERAL ) | |
| OF THE UNITED STATES POSTAL SERVICE ) | |
| ) | |
| ) | |
| Defendant(s). ) | |

## COMPLAINT

**COMES NOW**, Plaintiff Lyle Herrington by and through the undersigned attorney and, files herewith the instant Complaint. In support of the same, Plaintiff states as follows:

1. This action is brought pursuant to (29 C.F.R. Part 1614); Title Vll of the Civil Rights Act of 1964, as amended, Section 701 et seq., 42 U.S.C. 2000e et seq. (Title Vll).

2. Jurisdiction and venue are proper in this Court pursuant to 28 USC §§ 1331 and 1343.

### PARTIES

3. Plaintiff Lyle Herrington is a white male, who at all times relevant to this action, was a citizen of the State of Missouri and a resident of St. Louis Charles County, Missouri.

4. Herrington is an employee of the United States Postal Service "USPS".

5. He is assigned to the Creve Coeur branch, located at 331 N. Ballas Rd., Crete core MO 63121-9998.

1

6. Melvin Beck is an African American Supervisor Customer Service for USPS. supervisor.

7. Nikki Johnson is an African American Manager for USPS.

8. Shelly Bailey is an African American Manager, Customer Service for USPS.

9. Plaintiff was at all relevant times mentioned herein, employed by the United States Postal Service (USPS).

10. All the acts complained of herein, transpired in St. Louis County, Missouri.

11. Both jurisdiction and venue are proper in this Court.

## FACTS COMMON TO ALL COUNTS

12. During the course and scope of his employment, Herrington has been subject to harassing and/or retaliatory behavior precipitated by Melvin Beck; Nikki Johnson; Shelley Bailey and others.

13. He has been disciplined and/or threatened with discipline on numerous occasions during the course of his employment.

14. The harassment began on or before July 2019 and continues in various forms today.

15. He was subjected to a steady barrage of racially derogatory comments on a regular basis.

16. To wit, employees routinely use the "N" word every day, multiple times per day.

17. Herrington finds the continuous use of the "N" word both subjectively and objectively offensive and disheartening.

18. Management knew or should have know that the use of the "N" word was ubiquitous, persistent and prevalent, yet no one was disciplined for using the word.

19. Yet, Herrington was disciplined for using what was characterized as a racial comment, when in reality, no reasonable person could interpret as such.

20. Herrington filed numerous EEO complaints memorializing his concerns.

21. At all times relevant, Defendant employed more than fifteen (15) people.

## ADMINISTRATIVE REMEDIES EXHAUSTED

22. Plaintiff filed an Equal Employment Opportunity complaint alleging discrimination based on, race and retaliation.

23. USPS issued a Final Agency Decision (FAD).

24. The Right To File A Civil Action was given to Plaintiff contemporaneous to the issuance of the FAD.

25. This lawsuit was timely filed within (90) days of receipt of the mentioned letter.

## COUNT I

## HOSTILE WORK ENVIRONMENT
## and
## DISPARATE TREATMENT BASED RACE

Plaintiff incorporates by reference the preceding paragraphs 1 through 25 as if fully set forth herein.

26. On July 3, 2019, Herrington was called back to his workplace for a pre-discipline meeting.

27. Upon his return, he was notified that he was subject to discipline for … taking a picture of Lawanda Johnson.

28. Lawanda Johnson is an African-America co-worker of Herrington.

29. Johnson took a picture of Herrington. However, unlike Herrington, she was not subject to discipline.

30. Melvin Beck, who instigated the discipline, was the focus of a prior EEO complaint filed by Herrington.

31. Beck issued a letter of warning to Herrington for taking the picture mentioned herein-above.

32. Further the severity of the discipline issued was not reasonably related to the infraction Herrington was accused of committing.

33. Article 16 of the national bargaining agreement states in relevant part that all disciplinary actions must be for "just cause"

34. There was a lack of documentation supporting management's decision to discipline Harrington.

35. Further, there was absolutely no legitimate basis for management to conclude that it could not trust Harrington's representation of the events that transpired.

36. Herrington was subjected to disparate treatment, inasmuch as similarly situated carriers were not disciplined for the same alleged misconduct.

37. On another occasion, Herrington was falsely accused of trying to run down a co-worker in the parking lot.

38. One again, Herrington was disciplined and/or threatened with discipline for something that he did not do. Defendant intentionally engaged in unlawful employment practices by discriminating against Plaintiff based upon race.

39. As a direct and proximate result of the Defendants actions, Plaintiff has suffered experienced emotional pain, suffering, inconvenience, loss of enjoyment of life and mental distress and anxiety as a result of defendant's discriminatory conduct. Plaintiff is thereby entitled to general, compensatory and punitive damages in an amount to be proven at trial.

4

**WHEREFORE,** Plaintiff prays for judgment in favor of plaintiff and against defendant along with an Order:

A. declaring the conduct of described herein, in violation of Title VII;
B. Directing the defendant to compensate the Plaintiff for all economic losses, including but not limited to emotional distress, and punitive damages;
C. Awarding the Plaintiff costs of this action, pre-and post-judgment interest and reasonable attorney's fees; and
D. Awarding the Plaintiff all other relief that is just, reasonable, and appropriate and necessary to correct the illegality and wrong done to Plaintiff.

## COUNT II

## RETALIATION

Plaintiff incorporates by reference the preceding paragraphs 1 through 39 as if fully set forth herein.

40. In February, 2019, Herrington filed an EEO COMPLAINT alleging race discrimination.

41. The complaint of discrimination stemmed from a disciplinary action taken against him surrounding a coworker by the name of Jasmine Harris.

42. Harris, who is an African American female, was expressing her beliefs that she was being worked like a slave, or something to that effect.

43. Herrington responded by saying something to the effect that she was being treated more like an indentured servant.

44. Harris did not express any immediate comments and/or concerns relative to Herrington's statement.

45. However, Melvin Beck, subjected Herrington to a barrage of comments and told him how insensitive he was and told him to "stay away" from Harris.

5

46. Herrington expressed his dismay and disdain for what appeared to be an uneven approach to on innocuous matter.

47. Herrington expressed his believe that he was being treated unfairly because of his race.

48. Herrington informed Beck of his plans to file an EEO complaint.

49. Herrington informed Beck that other employees need to watch what they say, as he finds other employees comments, which includes the use of the "n" word offensive.

50. Thereafter, Herrington filed an EEO complaint alleging discrimination. Herrington was subject to reprisal within a few short months of filing and perfecting his complaint.

51. Herrington suffered adverse employment actions in response to opposing discriminatory practices.

52. As a direct and proximate result of the Defendants actions, Plaintiff has suffered experienced emotional pain, suffering, inconvenience, loss of enjoyment of life and mental distress and anxiety as a result of defendant's discriminatory conduct. Plaintiff is thereby entitled to general, compensatory and punitive damages in an amount to be proven at trial.

**WHEREFORE,** Plaintiff prays for judgment in favor of plaintiff and against defendant along with an Order:

- A. declaring the conduct of described herein, in violation of Title VII;
- B. Directing the defendant to compensate the Plaintiff for all economic losses, including but not limited to emotional distress, and punitive damages;
- C. Awarding the Plaintiff costs of this action, pre-and post-judgment interest and reasonable attorney's fees; and

D.  Awarding the Plaintiff all other relief that is just, reasonable, and appropriate and necessary to correct the illegality and wrong done to Plaintiff.

                Respectfully Submitted,

*/s/Christopher B. Bent*, #45875
Law Offices of Christopher Bent, LLC
2200 West Port Plaza Drive, Suite 306
St. Louis, Missouri 63146
cbb@cbentlaw.com
314-439-0287 Phone
314-558-2622 FAX
*Attorney for Plaintiff*