**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI**

| | |
|---|---|
| LYLE HERRINGTON, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>LOUIS DeJOY, Postmaster General, )<br>United States Postal Service, )<br>)<br>Defendant. ) | Case No. 4:21-cv-00761-SEP |

**DEFENDANT'S MEMORANDUM
IN SUPPORT OF HIS MOTION TO DISMISS**

Defendant Louis DeJoy files this Motion to Dismiss pursuant to Federal Rule of Civil Procedure (Rule) 12(b)(6) and asks this Court to dismiss Plaintiff's allegations of disparate treatment and hostile work environment (Count I) of his Complaint.

### I. FACTS

Plaintiff filed his formal EEO Complaint on November 22, 2019 alleging discrimination based on retaliation when, on July 15, 2019, he was issued a Letter of Warning for violating established and posted rules prohibiting the taking photographs of mail carriers.  Exh. A (EEO Complaint of Discrimination); Exh. B (Acceptance for Investigation), Pg. 56[1]; Exh. C (EEO Investigation Report), Pgs. 61, 66-68, 70-71.  This specific allegation of retaliation is the only claim which is properly before this Court.  *See infra.*  The U.S. Postal Service issued a Notice of Final Action on March 25, 2021; which was the final concluding document that dismissed the EEO complaint so Plaintiff could file the present civil lawsuit.  Exh. D, Pgs. 1-2.

---

[1]   Specific page citations to the three EEO documents utilized as exhibits will be to the page number at the center bottom of each page.

Plaintiff filed his Complaint with this Court on June 23, 2021 and brought two specific counts. Compl., ECF No. 1. First, at Count I he alleged a hostile work environment and disparate treatment claim regarding a pre-disciplinary meeting that occurred on July 3, 2019. *Id.* at ¶¶ 26-39. Second, at Count II he alleged a retaliation claim based on an EEO Complaint that he filed in February 2019. *Id.* at ¶¶ 40-52. He further alleges the following facts "common to all his counts": (1) that he has been subject to harassing and/or retaliatory behavior from Melvin Beck, Nikki Johnson, Shelley Bailey and others, *id.* at ¶ 12; (2) that he has been disciplined and/or threatened with discipline numerous times during his employment, *id.* at ¶ 13; (3) that the harassment began on or before July 2019 and continues to today, *id.* at ¶ 14; (4) that he has been subjected to a "steady barrage of racially derogatory comments on a regular basis," *id.* at ¶ 15; (5) that employees routinely use the N-word, which he finds subjectively and objectively offensive, and that management knew other employees used the N-word but did not discipline them, *id.* at ¶¶ 16-18; (6) that he was disciplined for using a "racial comment" that no reasonable person could interpret as such, *id.* at ¶ 19; (7) that he has filed number EEO complaints memorializing his concerns, *id.* at ¶20; and (8) that Defendant employs more than fifteen people. *Id* at ¶ 21.

## II.  L<small>EGAL</small> S<small>TANDARD FOR</small> R<small>ULE</small> 12(<small>B</small>)(6)

Under Rule 12(b)(6), the court may dismiss a cause of action for failure to state a claim upon which relief may be granted. Fed.R.Civ.P. 12(b)(6). When considering a Rule 12(b)(6) motion to dismiss, a court treats all well-pleaded facts as true granting reasonable inferences from the facts, but not so with legal conclusions. *Neitzke v. Williams,* 490 U.S. 319, 326-27 (1989); *Westcott v. City of Omaha*, 901 F.2d 1486, 1488 (8th Cir. 1990); *Klutho v. Fourth Fleet Fin., Inc.,* 529 F. Supp. 2d 1016, 1018 (E.D. Mo. 2007); *Renfrow v. Sanborn Map Co.,* 2011 U.S. Dist. LEXIS 30240, at *1 (E.D. Mo. Mar. 23, 2011) (citing *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009)). Allegations must "raise a right to relief above" speculation. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Giandinoto v. Chemir*

2

*Analytical Servs, Inc.*, 545 F. Supp. 2d 952, 956-57 (E.D. Mo. 2007). However, courts are "not bound to accept as true a legal conclusion couched as a factual allegations" and such "labels and conclusions" or "formulaic recitation[s] of the elements of a cause of action will not do." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (citations and quotations omitted). A Rule 12(b)(6) motion should be granted if the plaintiff fails to plead facts sufficient to state a claim "that is plausible on its face" and would entitle the plaintiff to the relief requested. *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 562-63 (2007) (retiring the "no set of facts" language from *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)).

Rule 12(b)(6) motions are generally decided only on the pleadings, though courts may rely on outside matters that are "necessarily embraced by the complaint" or "matters of public record." *Zean v. Fairview Health Servs.*, 858 F.3d 520, 526 (8th Cir. 2017); *Noble Sys. Corp. v. Alorica Cent., LLC*, 543 F.3d 978, 982 (8th Cir. 2008). Many documents generated during the administrative stage of an employment discrimination case have been deemed "public records" for the purposes of Rule 12(b)(6). *See, e.g., Faibisch v. Univ. of Minnesota*, 304 F.3d 797, 803 (8th Cir. 2002) (EEOC charge is public record). If the Court determines that exhibits convert parts of this motion into one for summary judgment, there are no genuine disputes of material fact and Defendant is entitled to judgment as a matter of law. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248-49, 255 (1986).

Here, Defendant has attached documents from Plaintiff's EEO administrative case file which establish Plaintiff failed to exhaust his administrative remedies with regard to allegations of disparate treatment and hostile work environment. *See* Exhibits A, B, C and D.

### III. ARGUMENT

**A.     COUNT I OF PLAINTIFF'S COMPLAINT ALLEGING DISCRIMINATION BASED ON DISPARATE TREATMENT AND HOSTILE WORK ENVIRONMENT SHOULD BE DISMISSED FOR FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES.**

To pursue a discrimination claim in federal court, Plaintiff must first exhaust all available administrative remedies. *See Burkett v. Glickman,* 327 F.3d 658, 660 (8th Cir. 2003) ("Before the

federal courts may hear a discrimination claim, an employee must fully exhaust her administrative remedies."); *Briley v. Carlin*, 172 F.3d 567, 571 (8th Cir. 1999) ("[A]n employee cannot bring a discrimination claim without first exhausting his or her administrative remedies.") (internal citation omitted). For federal employees, the exhaustion of administrative remedies includes compliance with the requirements of 29 C.F.R. § 1614.105(a)(1). That regulation requires an employee to initiate contact with an EEO counselor within 45 days of the date of any allegedly discriminatory act or personnel action. *Id.*

Further, Plaintiff must exhaust his remedies with respect to each discrete act or single "occurrence" of alleged discrimination, as each constitutes a separately actionable employment practice. *See Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 111 (2002). The Eighth Circuit has held that, "in the disparate treatment context, '[d]iscrete acts such as termination, failure to promote, denial of transfer, or refusal to hire' are 'not actionable if time barred, even when they are related to acts alleged in timely filed charges.'" *See Wedow v. City of Kansas City, Mo.,* 442 F.3d 661, 670 (8th Cir. 2006) (quoting *Tademe v. Saint Cloud State Univ.,* 328 F.3d 982, 987 (8th Cir. 2003)). Finally, a discrete action, such as a decision not to promote a plaintiff, was not like or reasonably related to that plaintiff's allegations of a hostile work environment. *Dorsey v. Pinnacle Automation Co.,* 278 F.3d 830, 838-39 (8th Cir. 2002) (holding that claims of age discrimination based on failure to promote plaintiff were "not broad enough to encompass hostile work environment claims[,]" given that the decision not to promote the plaintiff was "a discrete act completed at the time of the promotions.") *See also Turner v. Shinseki*, 2010 WL 2555114, at *4 (E.D. Mo. June 22, 2010) ("Allegations outside the scope of the EEOC charge ... circumscribe the EEOC's investigatory and conciliatory role, and for that reason are not allowed.") Failure to timely contact an EEO counselor or file a formal complaint bars a Title VII claim and requires dismissal for failure to exhaust administrative remedies.

4

Plaintiff alleges a hostile work environment and disparate treatment claim within Count I. Compl., ECF No. 1, at ¶¶ 26-39. This Court, however, should dismiss his hostile work environment and disparate treatments claims at Count I for failure to exhaust administrative remedies. It is clear that Plaintiff only exhausted his administrative remedies with respect to the single claim of retaliation; the claim that he was retaliated against for engaging in prior EEO activity when, on July 15, 2019, he was issued a Letter of Warning for violating a rule prohibiting taking a photograph of Postal mail carriers. Exh. A; Exh. B, Pg. 1; Exh. C, Pg. 66. That was the only claim that was accepted and investigated during the entire administrative process. *Id.*

Plaintiff's Complaint is confusing. His retaliation claim at Count II fails to present any allegations related to the July 15, 2019, Letter of Warning. Compl., ECF No. 1, at ¶¶ 40-52. Instead, Plaintiff appears to be rehashing allegations from an old EEO case at Count II.[2] [3] *Id.* Further complicating matters, the incident which did result in the July 15, 2019, Letter of Warning is referenced in Count I of his Complaint, the count in which Plaintiff improperly brought unexhausted allegations of hostile work environment and disparate treatment (in addition to a disjointed reference to allegedly being falsely accused of trying to run down a co-worker in the parking lot). Compl., ECF No. 1, at ¶¶ 26-39.

While Plaintiff's Complaint is confusing, it is abundantly clear that the only allegation which was brought, accepted and investigated at the administrative level – and would be properly before this Court – is whether Plaintiff was retaliated against for prior EEO activity when, on July 15, 2019 he was issued a Letter of Warning. *See* Exh. A; Exh. B, Pg. 56; Exh. C, Pgs. 66, 70-71. Any other

---

[2]  Defendant does not dispute that Plaintiff has filed previous EEO complaints and, therefore, has met the requirement of a retaliation claim that he previously engaged in prior protected conduct. Further, Defendant does not dispute that Melvin Beck, the Responsible Management Official in the matter properly before this Court, was aware of Plaintiff's prior EEO activity. *See* Exh. C, Pg. 66.

[3]  Plaintiff's section titled "Facts Common to all Counts" likewise ignores the only incident properly before this Court and also appears to be an attempt to re-litigate Plaintiff's old EEO case. Doc. 1, Pgs. 2-3.

5

allegations brought in Plaintiff's Complaint should be dismissed for failure to exhaust administrative remedies (or because they are merely attempting to re-litigate old complaints).

Plaintiff may claim that because he used the word "harassment" briefly in his Formal Complaint that he may proceed with separate allegations and claims of harassment. *See* Exh. A, Pg. 12. However, the Acceptance for Investigation which was sent to Plaintiff after he filed his Formal Complaint clearly spelled out the accepted issue which would comprise the scope of the investigation. Exh. B, Pg. 1. The accepted issue was retaliation based on prior EEO activity when Plaintiff was issued a Letter of Warning on July 15, 2019. *Id.* Plaintiff was advised that if he disagreed with the issue accepted, he must submit a written response explaining his disagreement within seven calendar days. Exh. B, Pg. 1. He did not. Thus, any allegations of harassment or hostile work environment have not been administratively exhausted. *See Elghoul v. United States*, 2021 WL 1847336, * 12 (W.D. Mo.).

Furthermore, solely for the purpose of argument, if Plaintiff had administratively exhausted a harassment claim, a single Letter of Warning is insufficient to constitute harassment or a hostile work environment. *See Warmington v. Board of Regents of Univ. of Minnesota*, 998 F.3d 789, 799 (8th Cir. 2021). Discriminatory harassment includes conduct so severe or pervasive as to alter the conditions of the victim's employment and create an abusive working environment. *Robinson v. Valmont Indus.*, 238 F.3d 1045, 1047 (8th Cir. 2001). As a result, "hostile work environment claims are limited in nature, and require a high evidentiary showing …" *Logan v. Chertoff*, 2009 WL 3064882, *10 (E.D. MO. Sept. 22, 2009). See *Paskert v. Kemna-ASA Auto Plaza, Inc.*, 950 F.3d 535, 537-538 (8th Cir. 2020) ("Reprehensible" behavior by management toward an employee which was also "demeaning, sexually suggestive and improper" did not rise to the necessary level of severity because of the "high bar" set by precedent). Harassment must be both "objectively and subjectively offensive[,]" and it must be considered "whether a reasonable person would find the environment hostile and abusive

6

in light of all the circumstances, including whether the conduct is physically threatening or humiliating, or a mere offensive utterance, and whether it unreasonably interferes with an employee's work performance." *Peterson v. Scott County*, 406 F.3d 515, 523-24 (8th Cir. 2005) (abrogated on other grounds) (internal quotations omitted). A hostile work environment claim may only succeed if the alleged conduct is "so extreme" that it amounts to a "change in the terms and conditions of employment." *Burkett v. Glickman,* 327 F.3d 658, 662 (8th Cir. 2003), (quoting *Faragher v. City of Boca Raton,* 524 U.S. 775, 786-88 (1998)). Clearly, a Letter of Warning under any circumstances does not meet the requisite severity for a hostile work environment claim.[4]

Additionally, a single Letter of Warning is insufficient to constitute an adverse employment practice further negating Plaintiff's attempt to bring the new, unexhausted disparate treatment allegations in Count I. An adverse employment action is a "tangible change in duties or working conditions that constitutes a material employment disadvantage." *Wedow v. City of Kansas City*, 442 F.3d 661, 671 (8th Cir. 2006) (quoting *Sallis v. Univ. of Minn.,* 408 F.3d 470, 476 (8th Cir. 2005)). "Mere inconvenience without any decrease in title, salary, or benefits is insufficient to show an adverse employment action." *Id.* For example, placing an employee on a performance improvement plan, poor performance ratings, forced attendance at weekly meetings to explain performance, a supervisor's solicitation of only some subordinates for advice and input, and waiting hours to meet with a supervisor are not adverse employment actions. *Givens v. Cingular Wireless,* 396 F.3d 998, 998-99 (8th Cir. 2005); *Haynes v. Level 3 Commc'ns*, 456 F.3d 1215, 1224 (10th Cir. 2006); *Spears v. Mo. Dep't of Corr. & Human Res.*, 210 F. 3d 850, 854 (8th Cir. 2000). Undesirable job assignments or co-worker ostracism also do not establish an adverse employment action. *Tuggle v. Mangan*, 348 F.3d 714, 721-22 (8th Cir. 2003); *Scusa v. Nestle U.S.A.,* 181 F.3d 958, 969 (8th Cir.

---

[4] In fact, the Letter of Warning itself was reduced even further to a simple "job discussion" as part of the grievance process that followed the issuance of the letter. *See* Exh. C, Pg. 82, ¶ 21.

7

1999). Employment actions must have a *material* adverse impact on employment terms or conditions to qualify, such as termination or a reduction in pay or benefits. *Ledergerber v. Stangler,* 122 F.3d 1142, 1144 (8th Cir. 1997); *Williams v. City of Kansas City,* 223 F.3d 749, 753 (8th Cir. 2000). A Letter of Warning is not an adverse employment action. *See supra,* Pg. 7, n4.

The only claim administratively exhausted is whether Plaintiff was retaliated against for prior EEO activity when he was issued a Letter of Warning on July 15, 2019. All other allegations of discrimination, however and wherever Plaintiff placed them within his Complaint, should be dismissed for failure to exhaust administrative remedies.

### IV. CONCLUSION

For all the reasons stated herein, Defendant respectfully requests that this Court dismiss Plaintiff's allegations of disparate treatment and hostile work environment of his Complaint or, in the alternative, grant him summary judgment on those allegations. Defendant respectfully requests that within its Order, the Court delineate the proper, administratively exhausted, remaining issue to be litigated.

Dated: April 28, 2022                                         Respectfully submitted by,

                                                              SAYLER FLEMING
                                                              United States Attorney


                                                              */s/ Regan Hildebrand*
                                                              REGAN HILDEBRAND
                                                              Assistant United States Attorney
                                                              Thomas F. Eagleton U.S. Courthouse
                                                              111 South Tenth Street, 20th Floor
                                                              St. Louis, Missouri 63102
                                                              Phone: (314) 539-7703
                                                              Fax: (314) 539-2287
                                                              E-mail: Regan.Hildebrand@usdoj.gov
                                                              Bar No. 6326374 (IL)
                                                              Bar No. 57438 (MO)

                                                              *Attorneys for Defendant*

**CERTIFICATE OF SERVICE**

  I certify that on the date noted above, I served the foregoing document to the Plaintiff via this Court's ECF electronic filing system and via e-mail to his attorney of record at the following email address:

    Christopher Bent
    2200 West Port Plaza Drive, Suite 306
    St. Louis MO 63146
    cbb@cbentlaw.com


        */s/ Regan Hildebrand*
        REGAN HILDEBRAND
        Assistant United States Attorney